UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

HERSON ANTONIO GUERRA GUERRA

      v.                                                                                                   Civil No. 25-cv-543-LM-TSM

CHRISTOPHER BRACKETT, SUPERINTENDENT,
    STRAFFORD COUNTY DEPARTMENT OF
    CORRECTIONS;
PATRICIA HYDE, ACTING DIRECTOR, BOSTON
    FIELD OFFICE, UNITED STATES IMMIGRATION
    AND CUSTOMS ENFORCEMENT[1]

**O R D E R**

Petitioner, a civil immigration detainee from El Salvador, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1), asserting claims of unlawful detention in violation of Petitioner's rights under 8 U.S.C. § 1226(a).  The Petition is before this court to determine whether it is not facially invalid and may proceed.  See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b); LR 4.3(d)(4).

Petitioner states that he is detained at the Strafford County Department of Corrections ("SCDC"), in United States Immigration and Customs Enforcement ("ICE") custody.  Petitioner was initially detained on August 22, 2025 leaving a state court in East Boston, Massachusetts, and remains in detention.

Petitioner states that on December 18, 2025, the Immigration Court in Chelmsford, Massachusetts denied him a bond hearing, finding that he was subject to mandatory detention under 8 U.S.C. § 1225(b) pursuant to the September 6, 2025, Board of Immigration Appeals ("BIA") decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025).  In that decision, the BIA

---

[1] The Petition lists additional federal officers in their official capacities as respondents.  The court declines to direct service upon those officers at this time.

stated that all noncitizens present in the United States who entered the country without a lawful entry are subject to mandatory detention under 8 U.S.C. § 1225(b).  Decisions from a number of courts, including the decision of the presiding judge in this case in Jimenez v. FCI Berlin, Warden, --- F. Supp. 3d ----, 2025 U.S. Dist. LEXIS 176155, 2025 WL 2639390 (D.N.H. Sept. 8, 2025), disagree with the BIA's conclusion in Hurtado.

On December 19, 2025, in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS (D. Mass. Dec. 19, 2025) (ECF No. 113), a class action, the court issued a decision declaring that members of the class are eligible for a bond hearing.  Petitioner here asserts that he is a member of the Guerrero Orellana class, and that he is entitled to a bond hearing in Immigration Court.  It also appears Petitioner is a member of the class certified in Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (order certifying Plaintiffs-Petitioners' proposed nationwide Bond Eligible Class, incorporating and extending declaratory judgment from Order Granting Petitioners' Motion for Partial Summary Judgment (citing Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 U.S. Dist. LEXIS 233085, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025) (granting partial summary judgment to named Plaintiff-Petitioners)).   He seeks an order from this court directing that he be released, or directing the respondent to show cause, within three days, why he should not immediately be provided with a bond hearing.

The claims in the Petition do not appear to be invalid.  It further appears that Petitioner is entitled to an immediate bond hearing before an Immigration Judge.  Accordingly, this matter may proceed, and Respondents are directed to respond as directed herein.

The Clerk's office shall:

- Provide a copy of this Order to the Civil Bureau Chief of the Office of the U.S. Attorney for the District of New Hampshire as soon as is practicable;

- Deliver a copy of the Petition and this Order to the Office of the U.S. Attorney for the District of New Hampshire, to the attention of the Civil Process Clerk;

- Serve the SCDC Superintendent by sending a copy of the Petition and this Order, by email, to Strafford County Attorney Emily Garod at: egarod@straffordcounty.gov, and copy that email to Meghan Raiche at mraiche@straffordcounty.gov, and the SCDC Superintendent at cbrackett@straffordcounty.gov; and

- Send copies of the Petition and this Order by certified mail to:

    - **Director**, Boston Field Office, U.S. Immigration and Customs Enforcement, 1000 District Ave., Burlington, MA 01803; and

    - **U.S. Attorney General**, 950 Pennsylvania Ave. NW, Washington, D.C. 20530.

The Federal Respondents are ORDERED to show cause, within two (2) days of the date of this Order, why this court should not grant the Petition. See 28 U.S.C. § 2243. A hearing on the Petition may be scheduled to occur on or after that date. Should counsel for Petitioner waive Petitioner's presence at that hearing, that hearing shall occur via video.

The SCDC Superintendent must file an appearance in this matter within fourteen (14) days of service upon him. The SCDC Superintendent is not required to file an answer or other response to the petition until further court order.

Any party may request a status conference at any time, including before service on Respondents is complete.

Respondents shall provide this court with at least 72 hours of advance notice of any scheduled removal or transfer of Petitioner out of this court's jurisdiction. Such notice shall be filed in writing in the docket of this proceeding, shall state the reasons for such action, and shall state why the move should not be stayed pending further court proceedings. Notice of Petitioner's release from custody may be provided after the fact.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

December 22, 2025

cc:     Emmanuel Gonzales, Esq.

4